**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **United States of America,** | **Criminal No.: 06-269(03) (DSD/JJG)** |
| Plaintiff, | |
| v. | **REPORT AND** |
| | **RECOMMENDATION** |
| **Jerry Geraldo Garcia,** | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of the District Court on December 5, 2006, on Defendant's pretrial motions. Andrew Dunn, Assistant United States Attorney, appeared on behalf of the Government. Andrew Mohring, Esq., appeared on behalf of Defendant Garcia. This matter is scheduled to be tried before United States District Court Judge David S. Doty on January 8, 2007. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.    INTRODUCTION

Defendant Garcia is charged with conspiracy to distribute in excess of 50 grams of methamphetamine and aiding and abetting distribution of a quantity of methamphetamine in excess of 50 grams. On October 10, 2006, Defendant Garcia withdrew all of the pretrial motions he had previously filed with the Court. Approximately seven weeks later, on November 27, 2006, Defendant Garcia sought permission from the Court to resuscitate his pretrial motions. Permission was granted and a new hearing date was set. This Court then held a pretrial motions hearing on December 5, 2006, at which Defendant Garcia was present and represented by counsel. Minneapolis Bureau of Criminal Apprehension Special

Agent Adam Castilleja testified on behalf of the Government at the hearing.  A copy of Special Agent

Castilleja's "Report on Investigation" was received as Defendant's Exhibit 1 during the course of the

hearing.

The parties requested and received permission to file post-hearing memoranda regarding

Defendant's dispositive motions.  Defendant timely filed his post-hearing brief on December 8, 2006.  The

Government timely filed its post-hearing brief on December 11, 2006.  Defendant's dispositive motions are

now ripe for consideration.  In light of Defendant's representation at the hearing that he presently lacks a

basis upon which to challenge the evidence seized pursuant to the search warrant in this case, the Court

recommends Defendant's Motion and Redacted Motion to Suppress Evidence Obtained as a Result of

7/27/06 Search (Doc. Nos. 44 & 45) both be dismissed as moot.[1]  The Court will, therefore, address only

Defendant's Motion to Suppress 7/27/2006 Statement (Doc. No 71) in the substantive portion of this

Report & Recommendation.

## II.    FINDINGS OF FACT

Both parties agree that the facts applicable to the pending motion are straight forward.  Defendant

Garcia was arrested on July 27, 2006.  Defendant Garcia's arrest occurred during a law enforcement

investigation into suspected narcotics trafficking by individuals other than Mr. Garcia.  Between July 24 and

July 27, 2006, law enforcement officers worked with a confidential informant and arranged a drug

transaction.  Some of the discussions surrounding the planning of the drug transaction were conducted by

---

[1] These motions are substantively identical.  The only difference is that the actual street address
stated in the search warrant has been redacted from the second motion.

telephone and were between the informant and a co-defendant in this case. Not all of the telephone conversations were personally monitored by law enforcement officers.

However, a drug transaction was arranged, and during the ensuing intervention by law enforcement officers, Defendant Garcia was arrested inside the residence and detained there for approximately forty minutes. Special Agent Castilleja then took Defendant Garcia to his vehicle to be interviewed. Special Agent Castilleja identified himself, and then asked Defendant Garcia his name, date and place of birth, address of residence, and home phone number. Defendant Garcia provided answers to these questions as asked, with one exception. When Special Agent Castilleja asked Defendant Garcia his home phone number, Defendant Garcia indicated he did not have one. He further explained to Special Agent Castilleja that he had a cell phone and provided the cell phone number to Special Agent Castilleja. Following this exchange, Special Agent Castilleja read Defendant Garcia the *Miranda* warning. Defendant Garcia then stated he wanted to talk to his attorney. Special Agent Castilleja immediately stopped his questioning of Defendant Garcia, who made no further statements.

## III.   DISCUSSION

Defendant Garcia now seeks suppression of all statement he made on July 27, 2006, on the grounds that they resulted from custodial interrogation without the benefit of *Miranda* warnings, and they fall outside the scope of the booking inquiry exception to the *Miranda* protections. The Government responds by arguing the information concerning Defendant Garcia's cell phone was volunteered and thus not subject to *Miranda* analysis. Additionally, the Government argues that the questions Special Agent Castilleja asked Defendant Garcia were all biographical in nature and not, therefore, interrogation as defined by *Miranda* and its progeny.

The requirements of *Miranda* are triggered only when a defendant is both in custody and being interrogated. *United States. v. Head*, 407 F.3d 925, 928 (8th Cir. 2005).   Interrogation includes not only express questioning by law enforcement officers, but also words or actions that officers should know are reasonably likely to elicit an incriminating response from a suspect. *United States v. Mendoza-Gonzalez,* 363 F.3d 788, 795 (8th Cir.2004) (citing *Rhode Island v. Innis*, 446 U.S. 291, 300-01(1980)).   A statement made by a suspect that is voluntary and not in response to interrogation is admissible with or without the giving of *Miranda* warnings.  *Head*, 407 F.3d at 928.

Here, Special Agent Castilleja arrested Defendant Garcia, placed him into his vehicle and asked him questions regarding his identity, including his home telephone number.  He was not asked about a cell phone or cell phone number.  Without further prompting from Special Agent Castilleja, Defendant Garcia stated he had a cell phone and provided the cell phone number to Special Agent Castilleja.  Under these circumstances, the Court finds Defendant Garcia's statement regarding his cell phone and cell phone number were volunteered and not subject to *Miranda* analysis.

Moreover, the Court finds Special Agent Castilleja's inquiry regarding Defendant's home phone number was the last question in a string of questions directed at ascertaining Defendant Garcia's biographical information.  It is well-settled that routine biographical data is exempted from *Miranda*'s coverage. *Pennsylvania v. Muniz,* 496 U.S. 582, 601 (1990); *United States v. Brown*, 101 F.3d 1272, 1274 (8th Cir.  1996); *United States v. Horton,* 873 F.2d 180, 181 n. 2 (8th Cir.1989).  The Eighth Circuit has stated "[a] request for routine information necessary for basic identification purposes is not interrogation under *Miranda,* even if the information turns out to be incriminating. Only if the government agent should reasonably be aware that the information sought, while merely for basic identification purposes

in the usual case, is directly relevant to the substantive offense charged, will the question be subject to scrutiny." *Brown*, 101 F.3d at 1274 citing *United States v. McLaughlin*, 777 F.2d 388, 391-92 (8th Cir. 1985); *see also Muniz,* 496 U.S. at 602 n.14 (during booking procedures, government may not ask questions "that are designed to elicit incriminatory admissions").

Here, Special Agent Castilleja asked typical biographical questions to Defendant Garcia during their brief discussion on July 27, 2006. Special Agent Castilleja's questions sought Defendant Garcia's name, date and place of birth, residential address and home telephone number. The Court finds no reason to conclude that Special Agent Castilleja sought to elicit an incriminating response from Defendant Garcia when he asked for his home telephone number, which was not related to any crime for which Defendant Garcia had been arrested. Under these circumstances, the Court finds that although Defendant Garcia was in custody, Special Agent Castilleja's biographical questions, including the question seeking Defendant's home phone number, was not interrogation within the meaning of *Miranda*.

In sum, the Court finds the statements Defendant Garcia made to Special Agent Castilleja on July 27, 2006, regarding his cell phone and cell phone number were made voluntarily and in response to biographical questions that were not part of improper interrogation by law enforcement. Accordingly, Defendant's motion seeking to suppress his statements should be denied.

## IV.   RECOMMENDATION

Based upon the parties' submissions to the Court, the hearing testimony, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that

1.     Defendant's Motion and Redacted Motion to Suppress Evidence Obtained as a Result of 7/27/06 Search (Doc. Nos. 44 & 45) both be **DISMISSED AS MOOT**; and

2.        Defendant's Motion to Suppress 7/27/2006 Statement (Doc. No 71) be **DENIED**.

Dated: December 15, 2006                         s/Jeanne J. Graham

 

JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), as modified by agreement between the parties and the Court, any party may object to this Report and Recommendation by filing and serving specific, written objections by December 21, 2006.  A party may respond to the objections on or before December 29, 2006.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.