```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
              Criminal No. 06-269(3)(DSD/JJG)
```

United States of America,

       Plaintiff,

v.                                                    **ORDER**

Jerry Geraldo Garcia,

       Defendant.


This matter is before the court on defendant's objection to Magistrate Judge Jeanne J. Graham's report and recommendation, dated December 15, 2006. In her report, the magistrate judge recommended that defendant Jerry Geraldo Garcia's motions to suppress evidence be denied as moot and motion to suppress his statement be denied. Following a de novo review of the file and record, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation of the magistrate judge in its entirety.


**DISCUSSION**

Following a suppression hearing, the magistrate judge found that defendant volunteered his cell phone number to special agent Adam Castilleja in response to routine biographical questions that were not part of an interrogation. The magistrate judge further found no reason to conclude that Castilleja sought to elicit an incriminating response from defendant when he asked for defendant's

home telephone number. Defendant objects to the magistrate judge's recommendation that suppression of the statement he made on July 27, 2006, disclosure of his cell phone number, is not warranted.

A defendant is entitled to a <u>Miranda</u> warning prior to custodial interrogation. <u>Miranda v. Arizona</u>, 384 U.S. 436, 444-45 (1966). Interrogation includes "any questioning or conduct that the government officer should know is reasonably likely to elicit an incriminating response." <u>United States v. McLaughlin</u>, 777 F.2d 388, 390 (8th Cir. 1985). The routine booking question exception provides that a <u>Miranda</u> warning is not required prior to an officer's request for routine biographical data because such a request does not constitute "interrogation." <u>Pennsylvania v. Muniz</u>, 496 U.S. 582, 601 (1990); <u>United States v. Brown</u>, 101 F.3d 1272, 1274 (8th Cir. 1996). Information elicited for basic identification purposes falls within the exception even if the information later turns out to be incriminating. <u>McLaughlin</u>, 777 F.2d at 391. Scrutiny of statements provided in response to an officer's request for biographical information is necessary only if the officer "should reasonably be aware that the information sought, while merely for basic identification purposes in the usual case, is directly relevant to the substantive offense charged." <u>Brown</u>, 101 F.3d at 1274.

Defendant argues that he provided his cell phone number in response to Castilleja's request for his home phone number, and

therefore the cell phone number was not given "voluntarily." Defendant further argues that because Castilleja was aware that the drug transaction was arranged through monitored telephone calls between an informant and a co-defendant, the context of the pre-arrest investigation subjects Castilleja's questioning of defendant to scrutiny because the special agent should have reasonably understood the question to elicit incriminating information. The court disagrees.

Regardless of whether defendant provided his cell phone number in response to Castilleja's request for his home number, the magistrate judge correctly concluded that Castilleja's questions fall within the routine booking exception. Defendant was arrested because he was in a residence where an arranged drug transaction occurred. Following his arrest, Castilleja asked defendant only his name, date and place of birth, address and home phone number. As soon as Garcia responded to Castilleja's questions, Castilleja advised him of his Miranda rights, Garcia invoked his right to speak to an attorney and no interrogation occurred at that time.

Garcia providing Castilleja his cell phone number instead of his home phone number does not change the fact that Castilleja asked for biographical information. Further, even if the court were to subject Castilleja's questioning to scrutiny, the court finds no error in the magistrate judge's determination that Castilleja did not seek to elicit incriminating information by

asking defendant for his home telephone number. Castilleja's awareness that the drug transaction had been arranged by an informant through telephone calls to a co-defendant does not suffice to convert Castilleja's request for defendant's home phone number into custodial "interrogation." Therefore, suppression of defendant's statement is not warranted.

**CONCLUSION**

After conducting a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge [Docket No. 80] in its entirety. Therefore, **IT IS HEREBY ORDERED** that:

1. Defendant's motions to suppress evidence [Docket Nos. 44 & 45] are denied as moot.

2. Defendant's motion to suppress his statement [Docket No. 71] is denied.

Dated:  December 28, 2006

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court